Hoogner J. Lundquist v. Commissioner.
Lundquist v. Commissioner
Docket No. 3994-71.
United States Tax Court
T.C. Memo 1972-169; 1972 Tax Ct. Memo LEXIS 87; 31 T.C.M. (CCH) 834; T.C.M. (RIA) 72169; August 9, 1972
Hoogner J. Lundquist, pro se, 3139 E. Sahara Ave., Las Vegas, Nev.Eugene H. Ciranni, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined deficiencies in the income tax liability of petitioner for the taxable years 1967 and 1968 in the respective amounts of $1,600.60 and $10,279.30. These deficiencies result from numerous adjustments made by respondent. There is only one adjustment at issue in the present case and that is whether petitioner is entitled under section 165 [1] to a loss deduction for expenditures made to repurchase stock which he previously sold at a lower price. Findings of Fact Petitioner filed income tax returns for the taxable years 1967 and *88 1968 with the district director for the Nevada District of the Western Region. Petitioner's legal residence on the date of the filing of the petition was Las Vegas, Nevada. Petitioner served in the United States Army for a period of at least 17 years. He 835 was on active duty in 1950 when the Korean war commenced. At this time he was the owner of 1,200 shares of stock of North American Aviation, Inc. He felt that he would probably be ordered overseas and possibly be sent to Korea and wanted to prepare himself mentally for a possible combat assignment. One of his foremost desires was to eliminate all financial worries so that he might effectively fight for his country. He therefore disposed of his 1,200 shares of stock in 1951. Petitioner was then assigned to Okinawa and in 1952 was released from active military duty. He did not complete his reserve obligations until 1962, and at that time he was discharged from the United States Army. During the period 1951 through 1965, North American Aviation, Inc., stock was split 2 for 1. In 1967, that company merged with Rockwell-Standard Corporation to form the North American Rockwell Corporation. As a result of these two events, the *89 1,200 original shares of North American Aviation, Inc., sold by petitioner in 1951 became equivalent to approximately 3,300 shares in the new corporation in 1967. During the years 1965 to 1967, petitioner purchased 3,300 shares of North American Aviation, Inc., and North American Rockwell Corporation to replace the shares he sold in 1951. The purchase price for the new shares was approximately $100,000 greater than the amount he realized from the sale in 1951. Petitioner claimed that under the "G. I. Bill of Rights" he was entitled to a loss deduction for this $100,000 amount, and in his returns for the years 1967 and 1968 he deducted as a loss figure significant enough to reduce his taxable income to zero. Respondent in his notice of deficiency increased petitioner's taxable income to reflect the disallowance of these deductions. Opinion The issue is whether petitioner is entitled to a loss deduction on the replacement costs expended to purchase stock which he previously sold. Petitioner's theory, that he was "forced" to sell his stock and is therefore entitled to relief under the "G. I. Bill of Rights" (the popular terminology for the Servicemen's Readjustment Act of 1944 *90 (Act of June 22, 1944, chapter 268, 58 Stat. 284)), is tenuous and has no support under that Act or the Internal Revenue Code. It merits little extended discussion. We do point out that "a taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms." New Colonial Co. v. Helvering, 292 U.S. 435 (1934). See also Interstate Transit Lines v. Commissioner, 319 U.S. 590 (1943). Petitioner has not shown that he comes within any applicable statute. Referring to his sale of stock in the year 1951, he is not entitled to a loss from a sale which resulted in lost anticipated income. See Walter Neustadt, 3 B.T.A. 491 (1926). Furthermore, as to any possible loss incurred as a result of his purchases in the years 1965-1967, it is established law that there must be a closed and completed transaction upon which to base claimed losses, [2] and his mere purchase of stock does not meet this requirement. See Bertram J. Grigsby, 33 B.T.A. 568, 576 (1935), affd. 87 F. 2d 96 (C.A. 7, 1937), and W. L. Dunn, 14 B.T.A. 13, 14 (1928). *91 Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩
2. See sec. 1.165-1(b), Income Tax Regs.↩